## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

```
---------------------------------------------------------- x
VICTORIA'S SECRET STORES                          :
BRAND MANAGEMENT, INC.,                           :
                                                  :
                Plaintiff,                        :
                                                  :     Civil Action No._____
        v.                                        :
                                                  :     JURY DEMAND
UNITED I INTERNATIONAL                            :
LABORATORIES LLC, BETTER CLOTHING                 :
COMPANY, INC., FB BOTANICALS LLC,                 :
GEORGE MITCHELL, and KEVIN BROWN,                 :
                                                  :
                Defendants.                       :
---------------------------------------------------------- x
```

## COMPLAINT FOR TRADEMARK INFRINGEMENT, COUNTERFEITING, DILUTION, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

Plaintiff, Victoria's Secret Stores Brand Management, Inc., appearing through its undersigned counsel, alleges as follows based on personal knowledge and on information and belief:

### NATURE OF ACTION

1.      This is an action for trademark infringement, counterfeiting, and dilution under the Lanham Act; trademark infringement, dilution, and unfair competition under the common law of the State of Texas; and for unjust enrichment. Plaintiff brings this action based on Defendants' unauthorized manufacture, sale, and distribution of personal care products bearing Plaintiff's trademarks and trade dress. Plaintiff seeks permanent injunctive relief, compensatory, statutory, and punitive damages, and recovery of its reasonable costs and attorneys' fees.

## PARTIES

2.      Plaintiff Victoria's Secret Stores Brand Management, Inc. ("Plaintiff" or "Victoria's Secret") is a Delaware corporation, having its principal office and place of business at Four Limited Parkway, Reynoldsburg, Ohio 43068.   Victoria's Secret is qualified to do business, and is doing business, in the State of Texas and in this judicial district.

3.      Defendant United I International Laboratories, LLC ("United I") is a Texas limited liability corporation, having its principal office and place of business at 4641 Nall Road, Farmers Branch, Texas 75244.

4.      Defendant Better Clothing Company, Inc. ("Better Clothing") is a Texas corporation, having its principal office and place of business at 615 Valley View Court, Argyle, Texas 76226.

5.      Defendant FB Botanicals LLC ("FB Botanicals") is an Oklahoma limited liability corporation, having its principal office and place of business at 6931 South 66th East Avenue, Tulsa, Oklahoma 74133.

6.      Defendant George Mitchell is the President of United I and its registered agent.  Upon information and belief, George Mitchell supervised and/or controlled the activities and operations of United I complained of herein.  Upon further information and belief, George Mitchell resides at 1360 Brush Creek Road, Argyle, Texas 76226.

7.      Defendant Kevin Brown is the President of Better Clothing and its registered agent.  Upon information and belief, Kevin Brown supervised and/or controlled the activities and operations of Better Clothing complained of herein.  Upon further information and belief, Kevin Brown resides at 615 Valley View Court, Argyle, Texas 76226.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121; pursuant to Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338; and has supplemental jurisdiction over claims under State law under 28 U.S.C. § 1367(a).

9.      This Court has personal jurisdiction over Defendants on the grounds that, among other things, Defendants reside in and/or engage in a continuous and systematic course of doing business in Texas and, upon information and belief, for the additional reason that Defendants engaged in wrongful acts of infringement in Texas.

10.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in, have substantial contacts with, and/or may be found in the Eastern District of Texas, and a substantial portion of the events at issue have arisen and/or will arise in this judicial district, and because Defendants are subject to personal jurisdiction within this judicial district.

## FACTS

**The Business of Victoria's Secret**

11.      After establishing its reputation as the world's leading specialty retailer of lingerie, Victoria's Secret expanded its business and is now also known as a major source for beauty and personal care products.  Victoria's Secret has rapidly developed its sale of beauty and personal care products into a billion-dollar business.

12.      Victoria's Secret is the owner of the world-famous VICTORIA'S SECRET trademark and trade name and variations thereof, as well as many additional

trademarks under which Victoria's Secret markets and sells its merchandise. These marks are the subject of numerous United States trademark registrations.

13.     Victoria's Secret owns and operates over 1,000 retail stores located throughout the United States, including stores within this judicial district. Victoria's Secret distributes the world-famous Victoria's Secret Catalogue and operates the website www.victoriassecret.com, through which it offers for sale and sells high quality personal care products, in addition to lingerie, sleepwear, other apparel and swimwear. The Victoria's Secret brand identifies Victoria's Secret as the source of these goods and assures consumers of the products' high level of quality, design, and customer satisfaction.

**The Trademarks of Victoria's Secret**

14.     Victoria's Secret is the owner of U.S. Reg. No. 1,908,042 for the world-famous mark VICTORIA'S SECRET (hereinafter the "VICTORIA'S SECRET Mark") covering, among other goods and services, personal care products. This registration is valid and subsisting, and is incontestable pursuant to 15 U.S.C. § 1065. A true and accurate copy of the USPTO records of the foregoing registration is attached hereto as Exhibit 1.

15.     Victoria's Secret has a long and continuous history of utilizing its "VS" initials to refer to its business, and is the owner of numerous marks that utilize "VS," including

VS RUNWAY (U.S. Ser. No. 77/524,681) and the design mark  (U.S. Ser. No. 77/717,571) (collectively, the "VS Marks"). True and accurate copies of the USPTO records showing the current status of the foregoing applications are attached hereto as Exhibit 2.

16.     Victoria's Secret also has a long history of using as marks "VS" alone or in conjunction with other words in the related category of lingerie and apparel, including VS

(U.S. Reg. No. 3,651,878) and VS UPLIFT (U.S. Reg. No. 3,477,955).  These registrations are valid and subsisting.   True and accurate copies of the USPTO records of the foregoing registrations are attached hereto as Exhibit 3.

17.   In addition, Victoria's Secret owns several United States trademark registrations for the mark VERY SEXY covering a wide variety of personal care products (the "VERY SEXY Marks"), as the following list reflects:

| Serial Number | Reg. Number | Word Mark |
|---|---|---|
| 78929962 | 3,424,679 | VERY SEXY HOT |
| 77402496 | 3,532,311 | VERY SEXY DARE |
| 77402467 | 3,480,549 | VERY SEXY ATTRACTION |
| 76975225 | 2,725,765 | VERY SEXY |
| 76234513 | 2,946,353 | VERY SEXY |

All the registrations identified above are valid and subsisting, and U.S. Reg. Nos. 2,725,765 and 2,946,353 are incontestable pursuant to 15 U.S.C. § 1065.   True and accurate copies of the USPTO records of the foregoing registrations are attached hereto as Exhibit 4.

18.   A major sub-brand of Victoria's Secret is the Secret Garden Collection of personal care products.   Launched around 1990, the Secret Garden Collection is among the longest-selling and most well-known and recognized lines of personal care products sold by Victoria's Secret.  Photographs depicting representative packaging used by Victoria's Secret for several years in connection with its Secret Garden line of personal care products are shown directly below and attached hereto as Exhibit 5 (hereinafter the "Secret Garden Trade Dress"):




19.     As shown above and in Exhibit 5, the defining elements of the Secret Garden Trade Dress previously used by Victoria's Secret include gold caps and gold font, tombstone- and bullet-shaped bottles, and artwork placed squarely in the middle of each product.

20.     Victoria's Secret marketed and continues to market its Secret Garden Collection of personal care products under various marks, including the following federally registered trademarks:

| TRADEMARK | REGISTRATION NO. | DATE OF FIRST USE |
|---|---|---|
| AMBER ROMANCE | 3,013,416 | 8/31/1998 |
| ENDLESS LOVE | 3,004,518 | 8/31/1999 |
| LOVE SPELL | 3,004,519 | 3/21/2000 |
| PEAR GLACÉ | 3,028,813 | 9/30/1993 |
| PURE SEDUCTION | 3,148,825 | 1/18/2005 |
| VANILLA LACE | 3,011,494 | 9/30/1993 |

All the registrations identified above are valid and subsisting, and U.S. Reg. Nos. 3,004,518 and 3,004,519 are incontestable pursuant to 15 U.S.C. § 1065.  True and accurate copies of USPTO records of the foregoing registrations are attached hereto as Exhibit 6.

21.     In addition, Victoria's Secret has engaged in the longstanding and continuous use of the marks STRAWBERRIES & CHAMPAGNE and SWEET DAYDREAMS for personal care products in its Secret Garden collection.  (The marks described in paragraphs 19 - 20 are collectively referred to as the "Secret Garden Marks.").

**Defendants' Infringing Conduct**

22.     Defendant George Mitchell was previously President of Nature's Formula, Inc. ("Nature's Formula"), a contract manufacturer of, among other products, personal care products such as lotions, mists, sprays, shampoos and conditioners.  While President of Nature's Formula, George Mitchell signed a "Domestic Master Sourcing Agreement" with Victoria's Secret, under which Nature's Formula manufactured personal care products for Victoria's Secret. The Master Sourcing Agreement included a nine-paragraph provision governing Nature's Formula's use of Victoria's Secret's intellectual property.  A true and accurate copy of the Master Sourcing Agreement is attached hereto as Exhibit 7.

23.     Defendant George Mitchell subsequently joined Defendant United I as President.  Like Nature's Formula, Defendant United I is a contract manufacturer of, among other products, personal care products such as lotions, sprays, mists, gels, shampoos, and conditioners.  United I, under the direction of George Mitchell, manufactured personal care products for Samir Abed-Rabbo and his company VS Secrets of Romance, LLC (the "Romance Products").  The Romance Products utilized a trade dress confusingly similar to the Secret Garden Trade Dress previously used by Victoria's Secret for its Secret Garden Collection, and duplicated each of the Secret Garden Marks.  A photograph depicting representative Romance Products is shown directly below:



True and accurate copies of the website and additional images of the Romance Products are attached hereto as Exhibit 8.

24.    Defendant United I procured approximately 500,000 bottles, as well as labels and other packaging for the Romance Products (the "Romance Packaging").  However, Samir Abed-Rabbo and VS Secrets of Romance, LLC used only a portion of the Romance Packaging.  The remaining Romance Packaging remained in United I's inventory.

25.    On April 1, 2010, Plaintiff filed a complaint against VS Secrets of Romance, LLC and Samir Abed-Rabbo for trademark infringement, counterfeiting, dilution, and unfair competition.  This Court entered final judgment as to VS Secrets of Romance, LLC on September 30, 2010, and the remaining parties entered into a consent judgment on April 8, 2011. True and accurate copies of the final judgment and consent judgment are attached hereto as Exhibits 9 and 10.

26.    In an effort to utilize the remaining inventory of Romance Packaging, Defendants United I and George Mitchell, upon information and belief, approached Defendants FB Botanicals LLC, Better Clothing Company, Inc., and Kevin Brown.

27.    All Defendants collaborated together in replacing the mark VS SECRETS OF ROMANCE from the top of each Romance Product with the mark FB BOTANICALS (hereinafter the "FB Products").  United I manufactured the FB Products and Defendants Better Clothing and Kevin Brown advertised and sold the products.

28.    As shown directly below, the FB Products continued to incorporate each of the Secret Garden Marks (e.g., ENDLESS LOVE, AMBER ROMANCE, PURE SEDUCTION, etc.) and used a trade dress confusingly similar to the Secret Garden Trade Dress previously used by Victoria's Secret:

 

29.    In particular, the FB Products, essentially replicas of the Romance Products, "knock off" the Secret Garden Collection in nearly every manner conceivable – from the shape of the bottles to the color and style of the caps, from the font color and picture placement to the Secret Garden Mark on each FB Product.  True and correct copies of additional images of the FB Products are attached hereto as Exhibit 11.

**Effect of Defendants' Infringing Conduct**

30.     Defendants are not affiliated with or sponsored by Victoria's Secret and have not been authorized by Victoria's Secret to use the VICTORIA'S SECRET Mark, the VERY SEXY Marks, the VS Marks, the Secret Garden Marks, the Secret Garden Trade Dress, or any confusingly similar marks.

31.     Defendants began manufacturing, marketing, promoting, and selling the Romance Products and FB Products long after Victoria's Secret began using the VICTORIA'S SECRET Mark, the VERY SEXY Marks, the VS Marks, the Secret Garden Marks, and the Secret Garden Trade Dress.

32.     Defendants' manufacturing and offering for sale of the Romance Products and FB Products in Texas constitutes transacting business in Texas.

33.     Defendants' unauthorized manufacture and offering for sale of the Romance Products and FB Products is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Defendants with Victoria's Secret, or as to the origin, sponsorship, or approval of Defendants' Romance Products and FB Products, and products or services offered by Victoria's Secret.

34.     Defendants' unauthorized manufacture and offering for sale of the Romance Products and FB Products falsely designates the origin of their products, and falsely and misleadingly describes and represents facts with respect to Defendants and their products.

35.     Defendants' unauthorized manufacture and offering for sale of the Romance Products and FB Products enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by Victoria's Secret over many years, and to gain

acceptance for their products not solely on their own merits, but on the reputation and goodwill of Victoria's Secret, its VICTORIA'S SECRET Mark, VERY SEXY Marks, VS Marks, Secret Garden Marks, Secret Garden Trade Dress, and its products and services.

36.    Defendants' unauthorized manufacture and offering for sale of the Romance Products and FB Products is likely to cause and is causing dilution of the distinctive quality of Victoria's Secret's famous VICTORIA'S SECRET Mark, VERY SEXY Marks, VS Marks, Secret Garden Marks, and Secret Garden Trade Dress.

37.    Defendants' unauthorized manufacture and offering for sale of the Romance Products and FB Products unjustly enriches Defendants at Victoria's Secret's expense.

38.    Defendants' unauthorized manufacture and offering for sale of the Romance Products and FB Products is likely to injure Victoria's Secret's business reputation.

39.    Defendants' unauthorized manufacture and offering for sale of the Romance Products and FB Products removes from Victoria's Secret the ability to control the nature and quality of products and services provided under the VICTORIA'S SECRET Mark, VERY SEXY Marks, VS Marks, Secret Garden Marks, and Secret Garden Trade Dress, and places the valuable reputation and goodwill of Victoria's Secret in the hands of Defendants, over whom Victoria's Secret has no control.

40.    Unless this Court restrains Defendants' infringing conduct, such conduct will continue, and will continue to cause irreparable injury to Victoria's Secret and to the public, for which there is no adequate remedy at law.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING

41.    Plaintiff hereby repeats the allegations above as if fully set forth herein.

42.    The conduct of Defendants complained of herein constitutes infringement of Victoria's Secret's trademarks and trade dress in violation of 15 U.S.C. § 1114(l).

43.    The conduct of Defendants complained of herein constitutes the counterfeiting of Victoria's Secret's trademarks in violation of 15 U.S.C. § 1116(d).

44.    In view of the willful nature of Defendants' conduct, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II
## FEDERAL UNFAIR COMPETITION

45.    Plaintiff hereby repeats the allegations above as if fully set forth herein.

46.    The conduct of Defendants complained of herein constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

## COUNT III
## FEDERAL TRADEMARK DILUTION

47.    Plaintiff hereby repeats the allegations above as if fully set forth herein.

48.    The conduct of Defendants complained of herein constitutes dilution of Victoria's Secret's famous trademarks in violation of 15 U.S.C. § 1125(c).

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

49.    Plaintiff hereby repeats the allegations above as if fully set forth herein.

50.    The conduct of Defendants complained of herein constitutes trademark infringement in violation of the common law of the State of Texas.

## COUNT V
## COMMON LAW TRADEMARK DILUTION

51.     Plaintiff hereby repeats the allegations above as if fully set forth herein.

52.     The conduct of Defendants complained of herein constitutes trademark dilution in violation of Section 16.29 of the Texas Business and Commerce Code.

## COUNT VI
## UNJUST ENRICHMENT

53.     Plaintiff hereby repeats the allegations above as if fully set forth herein.

54.     The conduct of Defendants complained of herein constitutes unjust enrichment of Defendants at the expense of Victoria's Secret.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A.     Defendants, and all those persons in active concert or participation with them, be permanently enjoined and restrained from using Plaintiff's VICTORIA'S SECRET Mark, VS Marks, VERY SEXY Marks, Secret Garden Marks, Secret Garden Trade Dress, and any confusingly similar marks or trade dress, including VS SECRETS OF ROMANCE and any formatives thereof, or any other mark or trade dress likely to dilute the distinctive quality thereof;

B.     Defendants, and all those persons in active concert or participation with them, be permanently enjoined and restrained from manufacturing, offering for sale, and/or selling the FB Products and Romance Products;

C.     Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all FB Products, Romance Products, or other materials in Defendants' possession, custody, or control that use, bear, or depict the VICTORIA'S SECRET Mark, VS Marks, VERY SEXY Marks, Secret Garden marks, Secret Garden Trade Dress, and/or VS SECRETS OF ROMANCE mark.

D.      Defendants, and all those persons in active concert or participation with them, be permanently enjoined and restrained from representing or suggesting in any fashion to any third party that Defendants' FB Products, Romance Products, or other unauthorized and/or counterfeit merchandise is affiliated with or sponsored by Plaintiff;

E.      Defendants, and all those persons in active concert or participation with them, be permanently enjoined and restrained from otherwise competing unfairly with Plaintiff;

F.      Defendants be ordered to file with this Court, and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form whereby Defendants have complied with the injunction;

G.      An accounting be directed to determine Defendants' profits resulting from their infringement and such profits be paid over to Plaintiff as an equitable remedy;

H.      Plaintiff recover all damages sustained as a result of Defendants' activities and that said damages be trebled;

I.      Plaintiff be awarded punitive damages;

J.      Plaintiff recover its reasonable attorney fees;

K.      Plaintiff recover its costs for this action and pre-judgment and post-judgment interest; and

L.      Plaintiff recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff, Victoria's Secret Stores Brand Management, Inc., hereby demands a trial by jury on all issues triable by a jury.

Dated: September 12, 2011

By: _Louis T. Pirkey_

Louis T. Pirkey
State Bar No. 16033000
Susan J. Hightower
State Bar No. 24027077
Jered E. Matthysse
State Bar No. 24072226
**PIRKEY BARBER LLP**
600 Congress Avenue, Suite 2120
Austin, TX  78701
Telephone: 512.482.5222
Facsimile:  512.322.5201
Email:  lpirkey@pirkeybarber.com

Attorneys for Plaintiff

**Of Counsel:**

**COLUCCI & UMANS**
Frank J. Colucci (FC-8441)
Richard P. Jacobson (RJ-2843)
218 East 50th Street
New York, New York 10022
Telephone: (212) 935-5700
Facsimile: (212) 935-5728
Email:  email@colucci-umans.com